The defendant seeks review of an order of Trial Judge Seto refusing to remand this case to the Armed Services Board of Contract Appeals ("Board”) to consider issues the Board had not decided in its first decision and which the Board held were not open for it to consider on the remand following our earlier decision. We remand the case to the Board to decide those issues.
This case arises out of a cost reimbursement contract between the plaintiff and the Department of Defense. The contract incorporated by reference an Armed Services Procurement Regulation (ASPR) that barred the cost of stock options as an allowable cost, ASPR 15-205.6(e). 41 *590 C.F.R. § l-15.205-6(e) (1980). For the calendar year 1971, Singer sought reimbursement for the cost of its employee stock purchase plan. The contracting officer denied reimbursement, on the ground that the stock purchase plan was a stock option plan under the regulation.
The plaintiff appealed this ruling to the Board. Before the Board, the government (1) supported the contracting officer’s ruling and also urged the additional grounds of affirmance (2) that the costs of the stock purchase plan were costs for financing an increase in capital, which another ASPR (15-205.17) disallows, 41 C.F.R. § 1-15.205-17 (1980), and (3) that in accounting for these costs the plaintiff failed to follow generally accepted accounting principles, as ASPR 15-201.2 required it to do, 41 C.F.R. § 1-15.201-2 (1980). The government presented evidence to the Board on all three issues.
The Board upheld the contracting officer’s decision solely on the ground that the costs were stock option costs. It referred to but did not decide the claim that the plaintiff had not followed generally accepted accounting principles.
The plaintiff sought review of that decision in this court. Both parties moved for summary judgment and limited their argument to the question whether the costs were unallowable stock option costs. Without oral argument, we reversed the Board, holding that the plaintiffs employee stock purchase plan was not a stock option plan. We remanded the case to the Board "for a determination of the amount of reimbursement to which Singer is entitled and for other appropriate proceedings” (order entered October 3, 1980, 225 Ct.Cl. 637. The government filed a motion for rehearing, in which it did not refer to the two other issues the Board had not decided.
Before the Board on remand, the government renewed its challenge to the plaintiffs entitlement to any reimbursement, on the basis of the other two defenses. The Board, however, refused to consider those issues. It held that "the Government is barred, at this juncture, from entitlement to consideration on the merits of the alternative grounds for disallowance” because this court’s remand order failed to "discuss these alternative grounds ... or provide guidance to the Board as to whether they should be considered.” The *591 Board limited its determination to the amount of the plaintiffs recovery; in accordance with the stipulation of the parties, the Board held that the plaintiff was entitled to $250,634.78 as the cost of the plan.
The government then moved this court to remand the case to the Board with instructions to consider those issues. Trial Judge Seto denied the motion. He ruled that under our remand order, the Board was restricted to determining the amount of reimbursement.
Although the Board and the trial judge cannot be faulted for interpreting our order as they did, it was not our intention to preclude the Board from considering the two other issues it had not decided. Since the only question before us was the correctness of the Board’s decision that the stock purchase plan involved stock options, we had no occasion to consider the other grounds upon which the government sought to disallow the costs of that plan. Although the government could have urged those points as alternative grounds for upholding the Board, it was not required to do so.
The words in our order of remand, "for other appropriate proceedings,” contemplated Board resolution of those other issues. The government presumably so interpreted the order, since its motion for rehearing did not refer to those other undecided issues or request a more specific instruction to the Board to consider them.
The case is remanded to the Armed Services Board of Contract Appeals to consider the other two grounds upon which the government seeks to treat the costs of the employee stock purchase plan as nonreimbursable. On the basis of its resolution of those issues, the Board should determine the amount of reimbursement, if any, to which the plaintiff is entitled. Proceedings in this court are stayed for six months, pending the determination of the Board.